**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAKE VALE, on behalf of himself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civ. A. No. 09-cv-3807 (RMB) |
| | )             ECF Case |
| EDWIN J. MCGUINN, JR., VISHAL GARG, YARIV KATZ, and RAZA KHAN, | ) ) ) |
| Defendants. | ) ) |
| PETER GIANOUKIS, on behalf of himself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civ. A. No. 09-cv-4963 (RMB) |
| | )             ECF Case |
| EDWIN J. MCGUINN, JR., VISHAL GARG, YARIV KATZ, and RAZA KHAN, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF LAW IN OPPOSITION
TO THE GIANOUKIS GROUP'S MOTION TO APPOINT
<u>LEAD PLAINTIFF AND FOR APPROVAL OF COUNSEL</u>**

## INTRODUCTION

Jake Vale respectfully submits this memorandum in opposition to the competing motion filed by Peter Gianoukis and Allan Borkowski, referred to as the "Gianoukis Group," and hereby requests that Mr. Vale be appointed lead plaintiff on behalf of the class. Mr. Vale further requests that the law firm of Murray, Frank & Sailer LLP ("Murray Frank") be appointed lead counsel.

Before the Court are two competing motions seeking appointment as lead plaintiff. Of the two motions, only the appointment of Mr. Vale satisfies the requirements of the Private Securities Litigation Reform Act of 1995 (the "PSLRA") to appoint the movant with the largest financial interest who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and will otherwise adequately protect the interests of the class. 15 U.S.C. § 78u-4(a)(3).

As established in his opening memorandum in support of his motion, Mr. Vale satisfies the requirements of Rule 23 and will effectively protect the interests of the class. Mr. Vale has demonstrated his interest in the litigation and his willingness and ability to represent the class by acting on revelations of fraud by the defendants and by retaining Murray Frank, who have conducted a thorough investigation of the claims alleged in the complaint filed on behalf of Mr. Vale.

In start contrast, the Gianoukis Group has failed to make a *prima facie* demonstration that it is willing and able to adequately represent the class as required by the PSLRA and Rule 23 of the Federal Rules of Civil Procedure. In particular, the members of the Gianoukis Group have demonstrated an unwillingness or inability to adequately represent the interests of the class by

failing to act prior to the filing of the *Vale* complaint and by filing with the Court deficient, inconsistent, and potentially deceptive certifications and declarations.

Because Mr. Vale is the only movant who satisfies the requirements of Rule 23 and is capable of adequately protecting the interests of the class, his motion should be granted and the motion of the Gianoukis Group denied.

## ARGUMENT

The PSLRA provides that the presumption afforded to the lead plaintiff movant who represents the largest financial interest may be rebutted upon proof that such movant will not "fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3). Upon such a showing, courts routinely conclude that movants with the largest claimed financial interest are not appropriately appointed as lead plaintiff. *See, e.g.*, *Royal Ahold N.V. Sec. Litig.*, 219 F.R.D. 343, 350 (D. Md. 2003) (refusing to appoint as lead plaintiff the movant with the largest financial interest and holding that "the lead plaintiff selection will be determined on other factors").

### POINT I

### THE GIANOUKIS GROUP HAS NOT ESTABLISHED A PRIMA FACIE CASE THAT IT CAN ADEQUATELY REPRESENT THE CLASS

While the Gianoukis Group has made blanket and unsupported statements claiming that it is capable of adequately representing the interests of the class, their claims are belied by their actions. In July of 2008 MRU began to reveal the nature and extent of the fraud perpetrated upon MRU shareholders, yet for the following ten or so months, during which time the Company rapidly (and publicly) slid into bankruptcy, Gianoukis and Borkowski were either unaware of these revelations or took no action despite being aware of them. *See* Declaration of Phillip Kim,

*Gianoukis v. McGuinn, et al.*, No. 09-cv-4963, Doc. No. 11, Ex. 1, ¶ 5 ("*[W]hen we learned of this action* we decided to apply to the Court to work together as lead plaintiffs on behalf of the class.") (emphasis added).

Furthermore, although Gianoukis and Borkowski claim in their declaration that they decided to work together after learning of this action, filed by Mr. Vale, on May 27, 2009, Gianoukis filed a copycat complaint that did not name Borkowski as a plaintiff.

In addition to his inaction in the face of the Company's revelations of fraud, Gianoukis submitted a deficient and incomplete certification. The shortcomings of this certification suggest at the least a failure of Gianoukis to employ the most basic level of care expected of a fiduciary, undermining his unsupported assertions that he is aware of and is willing and able to perform his fiduciary responsibilities as a prospective lead plaintiff.

Critical to any consideration of an application to the Court is that the Court be provided evidence by affidavit or sworn statement demonstrating certain factual contentions relevant to their consideration for appointment as lead plaintiff. As stated by the court in *Burke v. Ruttenberg*, "[c]ertification requires a plaintiff seeking to serve in a representative capacity to put forward with his, her or its motion such information from which the district court can evaluate the adequacy of that plaintiff against competitors under subsection 21D(a)(3)(B)(iii)(I)." 102 F. Supp. 2d 1280, 1320 (D. Ala. 2000). The court in *In re Eaton Vance Corp. Sec. Litig.* commented upon the rationale underlying certifications, stating that "[t]he purpose of the certification is 'to ensure more effective representation of investors in securities . . . class actions by transferring control of the litigation from the attorneys to the investors.'" 219 F.R.D. 38, 42 (D. Mass. 2003). The significance of a certification is evident – it often comprises the only

evidence that would permit a court to determine the adequacy, and true interest, of a movant to serve as a lead plaintiff.

For these reasons, courts have found that a defective certification, standing alone, is grounds for finding a lead plaintiff movant inadequate.  *See Eaton Vance*, 219 F.R.D. at 42; *In re SafeGuard Scientifics*, 216 F.R.D. 577, 582 n.4 (E.D. Pa. 2003); *Burke*, 102 F. Supp. 2d at 1320.

Although Gianoukis filed his copycat complaint on May 27, 2009, the complaint was not accompanied by the certification required by the PSLRA.  *See* Notice of Errata to Complaint, *Gianoukis v. McGuinn, et al.*, No. 09-cv-4963, Doc. No. 3 ("Notice of Errata").  This alone is reason to disqualify him.  "The short of the matter is that [plaintiff] failed to provide a certification with his complaint as required by the Reform Act.  [Plaintiff] therefore is precluded from serving as a class representative."  *Eaton Vance*, 219 F.R.D. at 42.   Although Gianoukis did ultimately file a certification, the untimely filed certification was undated.  *See* Notice of Errata.  Coupled with the fact that the certification was transmitted *via* facsimile to his counsel on June 16, 2009, nearly three weeks after the copycat complaint was filed and the day before the filing of the Notice of Errata, as well as the fact that counsel attempted to conceal the date on which the certification was transmitted *via* facsimile, the lack of a date on the certification is apparently intentional.  *Compare* Notice of Errata; *Gianoukis* certification (showing hidden text) (attached hereto as "Exhibit A").[1]

Under these circumstances, Gianoukis is inadequate to serve as Lead Plaintiff.  *In re SafeGuard Scientifics*, 216 F.R.D. 577, 582 n.4 (E.D. Pa. 2003) (where a certification contained

---

[1] It appears that the Rosen Firm attempted to delete the damaging facsimile information from the certification.  This information is contained in the "metadata," however, and can be viewed by un-checking the "Hidden Text" box using the "Document -> Examine Document" function in Adobe Acrobat Standard.

misstatements that were "more than mere clerical mishap," the court noted the misstatements' "potential and likely adverse effect on the putative class' interests.").

## POINT II

### THE COMPETING LEAD COUNSEL HAVE FAILED TO DEMONSTRATE THEIR ADEQUACY UNDER RULE 23(G)

Pursuant to Federal Rule of Civil Procedure 23(g), the adequacy of class counsel is demonstrated by, among other things, a counsel's actions in a specific case, *i.e.*, what this counsel has done to demonstrate its adequacy thus far in this specific case. *See* Fed. R. Civ. P. 23(g)(1)(C) ("In appointing class counsel . . . the court (i) must consider . . . the work counsel has done in identifying or investigating potential claims in the action").

Despite their *assertions* to the contrary, *see* Gianoukis Group's Mem. at 10 ("The Rosen Law Firm has been actively researching the class Plaintiffs' claims – interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the defendants."), the *actions* of The Rosen Law Firm ("the Rosen Firm") demonstrate their inadequacy in this case. In particular, rather than performing an independent investigation of the claims against the Defendants, competing counsel filed a verbatim copy of the complaint filed by Jake Vale. In fact, the complaint in the *Gianoukis* action does not contain a single substantive allegation not found in the *Vale* complaint, and the vast majority of the substantive paragraphs of the *Gianoukis* complaint are word-for-word copies of allegations found in the *Vale* complaint. *Compare, e.g., Gianoukis* complaint, ¶¶ 19-81; *Vale* complaint, ¶¶ 20-84 (other than minor formatting changes and the absence of two paragraphs found in the *Vale* complaint, these paragraphs – the meat of the complaints – are identical).

The filing of such a verbatim copycat complaint is a potential violation of Rule 11 of the Federal Rules of Civil Procedure, and at a minimum renders counsel filing the copycat complaint inadequate to serve as Lead Counsel. *See In re Razorfish, Inc. Sec. Litig.*, 143 F.Supp.2d 304, 305, n. 1 (S.D.N.Y. 2001) (JSR) ("The original complaint . . . was filed on December 13, 2000. Within days, numerous other complaints were filed that copied the original complaint essentially verbatim. One can only wonder whether the edicts of Rule 11, Fed.R.Civ.P., were followed in the investigation and drafting of these copycat complaints."); *In re Duke Energy Corp. Sec. Litig.*, 02-cv-3960 (S.D.N.Y.) (JSR) (Transcript of Oral Argument, Aug. 7, 2002, at 41-43) (attached hereto as "Exhibit B") (refusing to consider the lead counsel applications of attorneys who filed copycat complaints).

In addition, the "Notice of Errata," which fails to mention that the certification was received three weeks after the complaint was filed, renders competing counsel inadequate to serve as Lead Counsel in this case. *In re Organogenesis Sec. Litig.*, 241 F.R.D. 397, 409-10 (D. Mass. 2007) (a misrepresentation to the court "can erode [the court's] confidence" and render counsel inadequate to serve as class counsel). The *Gianoukis* complaint was filed on May 27, 2009, but did not include the certification required by the PSLRA. On June 17, 2009, after a Murray Frank lawyer called the Rosen Firm to ask why the *Gianoukis* complaint was not accompanied by a certification, the Rosen Firm filed a Notice of Errata to Complaint attaching an undated certification ostensibly executed by Peter Gianoukis. *See* Notice of Errata. In the Notice of Errata, counsel stated that "the attached PSLRA certification form was ***inadvertently not filed*** with the initial complaint in this action. Plaintiff hereby files the attached PSLRA certification form as an exhibit to the initial complaint." *Id*. (emphasis added). Given that counsel apparently did not receive the certification until three weeks after the complaint was

filed, it was not really "inadvertent," and the attempted deletion of the fax service line appears to be deliberate.

It appears that at the time that the *Gianoukis* complaint was filed, the Rosen Firm was not in possession of the Gianoukis certification, because the certification was received by facsimile on June 16, 2009, the day before the Notice of Errata was filed.  *See Gianoukis* certification (showing hidden text) (attached hereto as "Exhibit A").  This is further supported by Gianoukis's failure to date the certification, *id*., and by counsel's attempt to hide the damaging facsimile information.  *Compare* Notice of Errata; *Gianoukis* certification (showing hidden text) (attached hereto as "Exhibit A").  Such deceit undermines any argument that competing counsel are adequate to represent the class.  *See Organogenesis*, 241 F.R.D. at 410.

## CONCLUSION

Movant has moved to be appointed Lead Plaintiff for the Class and is the only movant who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  Accordingly, this action should be consolidated, Movant should be appointed Lead Plaintiff, and his selection of Murray, Frank & Sailer LLP as Lead Counsel for the Class should be approved by the Court.

Dated:  July 9, 2009  
       New York, New York

**MURRAY, FRANK & SAILER LLP**

By:      /s/  
     Brian P. Murray (BM 9954)  
     Brian D. Brooks (BB 7442)  
275 Madison Avenue, 8th Floor  
New York, New York 10016  
Telephone: (212) 682-1818  
Facsimile: (212) 682-1892

**Proposed Lead Counsel for the Class**