**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
JAKE VALE, on behalf of himself and all
others similarly situated,

                Plaintiff,

      -against-

EDWIN J. MCGUINN, JR., VISHAL GARG,
YARIV KATZ, and RAZA KHAN,

                Defendants.
------------------------------------------------------------X
PETER GIANOUKAS, on behalf of himself and
all others similarly situated,

                Plaintiff,

      -against-

EDWIN J. MCGUINN, JR., VISHAL GARG,
YARIV KATZ, and RAZA KHAN,

                Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/5/09

09 Civ. 3807 (RMB)

09 Civ. 4963 (RMB)

**<u>ORDER</u>**

**I.    Background**

      Presently before the Court are two related securities fraud actions asserting claims under Section 10(b) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78j(b) ("Exchange Act"), Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, and Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), against Edwin J. McGuinn, Jr., Vishal Garg, Yariv Katz, and Raza Khan (collectively, "Defendants"), all of whom were executives of MRU Holdings, Inc. ("MRU"). (Compl., No. 09 Civ. 3807, dated Apr. 15, 2009 ("<u>Vale</u> Complaint"), ¶¶ 1–3; Compl., No. 09 Civ. 4963, dated May 27, 2009 ("<u>Gianoukas</u> Complaint"), ¶¶ 2–3.) Plaintiffs Jake Vale ("Vale") and Peter Gianoukas ("Gianoukas") each bring their actions

individually and on behalf of a putative class "who purchased or otherwise acquired the securities of MRU between July 9, 2007, and September 19, 2008, inclusive [the 'Class Period']," alleging, among other things, that Defendants "knew or were reckless in not knowing that the market for Auction Rate Securities ['ARS'] . . . was illiquid and existed at the whim of . . . broker-dealers"; that "Defendants did not disclose [to investors] the nature of this market or the extent of [MRU's] reliance on it"; and that in the months following "February 13, 2008, the ARS market collapsed, with 87% of all ARS auctions failing," and the value of "MRU's stock dropped by more than 94%[.]" (Vale Compl. ¶¶ 1, 2, 61, 88; Gianoukas Compl. ¶¶ 1, 43, 60, 85.)

On or about June 19, 2009, Vale, who "purchased shares of [MRU] during the Class Period and suffered damages of $2,057.94 as a result of Defendants' misconduct," moved (1) to consolidate the above-captioned actions; (2) to be appointed lead plaintiff in the consolidated action; and (3) for approval of his selection of Murray, Frank & Sailer LLP ("Murray Frank") as lead counsel. (Mem. of Law in Supp. of Jake Vale's Mot., dated June 19, 2009 ("Vale Mem."), at 3, 4, 6, 9.)

On or about June 19, 2009, Gianoukas and Allan Borkowski (collectively, the "Gianoukas Group"), who "purchased . . . shares of MRU stock [and] suffered collective losses of $139,263.80," also moved (1) to consolidate the actions; (2) to be appointed lead plaintiff; and (3) to have The Rosen Law Firm, P.A. (the "Rosen Firm") appointed as lead counsel. (Mem. of

2

Law in Supp. of Mot. of the Gianoukas Group, dated June 19, 2009 ("Gianoukas Mem."), at 2, 6, 7.)[1]

Vale and the Gianoukas Group filed oppositions to each other's motions on July 9, 2009 and July 6, 2009, respectively, and filed replies in further support of their motions on July 16, 2009 and July 20, 2009, respectively. (See Mem. of Law in Opp'n to the Gianoukas Group's Mot., dated July 9, 2009 ("Vale Opp'n"); Gianoukas Group's Opp'n to Competing Lead Pl. Mot., dated July 6, 2009 ("Gianoukas Opp'n"); Pl.'s Reply Mem. of Law in Further Supp. of his Mot., dated July 16, 2009 ("Vale Reply"); Gianoukas Group's Reply to Competing Lead Pl. Mot., dated July 20, 2009 ("Gianoukas Reply").)

**For the reasons stated below, the actions are consolidated, the Gianoukas Group is appointed Lead Plaintiff, and The Rosen Firm is appointed Lead Counsel.**

## II.   Legal Standard

"If actions before the court involve a common question of law or fact, the court may [i] join for hearing or trial any or all matters at issue in the actions; [ii] consolidate the actions; or [iii] issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), which "governs the procedures for appointing a lead plaintiff, where, as here, claims are brought under the [Exchange Act]," Barnet v. Elan Corp., 236 F.R.D. 158, 160 (S.D.N.Y. 2005), "the Court 'shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions[.]'" Blackmoss Invs., Inc. v. ACA Capital

---

[1]   The Gianoukas Group includes losses in the amount of $4,739.00 allegedly incurred by Mr. Gianoukas's son, who suffers from a medical infirmity, and for whom "Mr. Gianoukas manages and makes investment decisions[.]" (Gianoukas Mem. at 6.)

3

Holdings, Inc., Nos. 07 Civ. 10528, 07 Civ. 253, 2008 WL 3823897, at *2 (S.D.N.Y. Aug. 6, 2008) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(ii)).

"Under the PSLRA, the selection of lead plaintiff proceeds in a two-stage inquiry." Constance Sczesny Trust v. KPMG LLP, 223 F.R.D. 319, 322–23 (S.D.N.Y. 2004). First, "this Court must determine which member of the putative class of plaintiffs is entitled to the statutory presumption of being the 'most adequate' lead plaintiff." Id. at 323. Second, "other members of the purported class may try to rebut the presumption[.]" Corwin v. Seizinger, Nos. 07 Civ. 6728, 07 Civ. 7016, 07 Civ. 7476, 2008 WL 123846, at *2 (S.D.N.Y. Jan. 8, 2008).

"A plaintiff is presumed to be the most adequate plaintiff if it: [i] has either filed the complaint or made a motion in response to the publication of notice; [ii] has the largest financial interest in the relief sought by the class; and [iii] otherwise satisfies the requirements of Rule 23 of the [Fed. R. Civ. P.]" Kaplan v. Gelfond, 240 F.R.D. 88, 92 (S.D.N.Y. 2007); see also 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Regarding condition [iii], "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination of lead plaintiff under the PSLRA," Kaplan, 240 F.R.D. at 94 (internal quotations omitted), and "[a]t this stage in the litigation, one need only make a 'preliminary showing' that the Rule's typicality and adequacy requirements have been satisfied." Ferrari v. Impath, Inc., No. 03 Civ. 5667, 2004 WL 1637053, at *4 (S.D.N.Y. July 20, 2004).

"After the appointment of the most adequate plaintiff, that plaintiff shall retain counsel to represent the class, subject to court approval." Kaplan, 240 F.R.D. at 92; see also 15 U.S.C. § 78u-4(a)(3)(B)(v). "[T]he PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." In re

4

Adelphia Commc'ns Corp. Sec. & Derivative Litig., No. 03 MDL 1529, 2008 WL 4128702, at *2 (S.D.N.Y. Sept. 3, 2008) (internal quotations and citation omitted).

### III. Analysis

#### (1) Consolidation

The requests for consolidation for all purposes are granted. Both cases involve securities claims brought on behalf of purchasers of MRU securities during the Class Period. The cases assert similar claims based on the same legal theories and the same underlying facts. No opposition to consolidation has been filed. Corwin, 2008 WL 123846, at *1; see also Fed. R. Civ. P. 42(a)(2); Constance Sczesny Trust, 223 F.R.D. at 322 ("[C]onsolidation would not prejudice the [D]efendants, who have not opposed the motions for consolidation.").

#### (2) Lead Plaintiff

For the reasons set forth below, the Gianoukas Group is the presumptive lead plaintiff under the PSLRA. Fishbury, Ltd. v. Connetics Corp., No. 06 Civ. 11496, 2006 WL 3711566, at *3 (S.D.N.Y. Dec. 14, 2006).

First, the Gianoukas Group's motion for appointment as lead plaintiff, filed on June 19, 2009, was timely.[2] (Gianoukas Mem. at 2.) Second, the Gianoukas Group has asserted the largest financial interest in the relief sought by the class, Corwin, 2008 WL 123846, at *3,

---

[2] "[N]ot later than 60 days after the date on which the [initial notice of filing] is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Notice of filing was published on Business Wire on April 20, 2009, so the deadline for lead plaintiff motions was June 19, 2009. (Decl. of Phillip Kim, dated June 19, 2009 ("Kim Decl."), ¶ 2 & Ex. A); see also Weiss v. Friedman, Billings, Ramsey Group, Inc., Nos. 05 Civ. 04617, 05 Civ. 04706, 05 Civ. 04771, 05 Civ. 04795, 05 Civ. 04818, 05 Civ. 04824, 05 Civ. 04851, 05 Civ. 04877, 2006 WL 197036, at *2 (S.D.N.Y. Jan. 25, 2006) ("[P]ublished notice on Business Wire . . . satisfied the requirements of the PSLRA.").

5

because it allegedly lost $139,263.80 through its investments in MRU securities during the Class Period.[3] (By contrast, the only opposition for Lead Plaintiff, Vale, alleges that he lost $2,057.94.) (See Kim Decl. Ex. 2 (Certifications of Peter Gianoukas, undated, and Allan Borkowski, dated June 18, 2009), Ex. 3; Decl. of Laurence Rosen, dated July 20, 2009 ("Rosen Decl."), at Ex. 1 (Certification of Peter Gianoukas, dated May 26, 2009), Ex. 2; Decl. of Brian D. Brooks, dated June 19, 2009 ("Brooks Decl."), at Ex. B (Certification of Jake Vale, dated Mar. 2, 2009), Ex. D.)

Also, the Gianoukas Group's claims appear to be "typical of the claims of the class as a whole," In re Fuwei Films Sec. Litig., 247 F.R.D. 432, 437 (S.D.N.Y. 2008), because, among other reasons, "[e]ach of the members of the Gianoukas Group, as did all of the members of the class, purchased MRU shares at prices artificially inflated by [D]efendants' [alleged] misstatements and omissions and was damaged thereby." (Gianoukas Mem. at 8–9); see also Kaplan, 240 F.R.D. at 94 ("The typicality threshold is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise.") (internal quotations omitted).

---

[3] Where, as here, "a small and finite number" of plaintiffs with pre-existing relationships seek to combine their claims, "appointing a group of people as co-lead plaintiffs is allowable under the PSLRA." Weltz v. Lee, 199 F.R.D. 129, 133 (S.D.N.Y. 2001); see id. at 134 (the "Court must appoint the 'person or group of persons' that meets the PSLRA's rebuttable presumption's requirements") (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); (Gianoukas Mem. at 2, 5 (Gianoukas and Borkowski are "longtime friends" with a "25 year relationship")); see also Freudenberg v. E*Trade Fin. Corp., Nos. 07 Civ. 8538, 07 Civ. 8808, 07 Civ. 9651, 07 Civ. 10400, 07 Civ. 10540, 2008 WL 2876373, at *4–5 (S.D.N.Y. July 16, 2008). Moreover, both Gianoukas ($87,933.80) and Borkowski ($46,591.00) allege that they incurred losses that, individually, significantly exceed the loss that Vale allegedly incurred ($2,057.94). See Freudenberg, 2008 WL 2876373, at *5 ("The appropriateness of [the three-member group's] appointment is further supported by the fact that [one of the member's] losses alone would qualify it as the party with the largest financial interest in the litigation.").

6

The Gianoukas Group has also made the requisite showing of adequacy of representation, Fishbury, 2006 WL 3711566, at *3, because, among other reasons, its alleged $139,263.80 loss on purchases of MRU securities is sufficient to ensure that it will "vigorously pursue its claims"; "there is no evidence that [the Gianoukas Group] ha[s] any conflict of interest, such as the existence of a unique defense, that would render its interests antagonistic to that of other members of the putative class"; and their proposed counsel appear "qualified and capable of conducting this litigation on behalf of the putative class." Constance Sczesny Trust, 223 F.R.D. at 324; see also Kaplan, 240 F.R.D. at 94.

Vale unpersuasively argues, among other things, that the Gianoukas Group is not adequate to represent the class as Lead Plaintiff because Gianoukas's submission of a "deficient and incomplete [PSLRA] certification . . . undermin[es] his unsupported allegations that he is aware of and able to perform his fiduciary responsibilities as a lead plaintiff." Vale complains that, through a "deceit" which "undermines any argument that . . . counsel are adequate to represent the class," the Gianoukas Group's proposed Lead Counsel intentionally "attempted to conceal the date on which the certification" was ultimately faxed from Gianoukas to counsel. Vale also contends that the Gianoukas complaint "does not contain a single substantive allegation not found in the Vale Complaint, and the vast majority of the substantive paragraphs . . . are word-for-word copies[.]" (Vale Opp'n at 3–7; see also Vale Reply at 1–4); Seidel v. Noah Educ. Holdings Ltd., Nos. 08 Civ. 9203, 08 Civ. 9427, 08 Civ. 9509, 2009 WL 700782, at *4 (S.D.N.Y. Mar. 9, 2009). Vale does not attempt to rebut that the Gianoukas group [i] filed timely, [ii] has the largest financial interest, and [iii] meets the typicality threshold. See generally Vale Opp'n.

The Gianoukas Group counters, among other things, that [i] "[w]hen it was discovered that [Gianoukas's] certification was inadvertently not filed with his complaint, and that [Gianoukas's] initial certification was difficult to read, [T]he Rosen Firm obtained a legible and correct copy . . . and timely filed a notice of errata with the Court on June 17, 2009," and that, in any event, "this inadvertence is not determinative as to whether the Gianoukas Group should be appointed lead plaintiff"; and [ii] "the PSLRA does not require a proposed lead plaintiff to even file a complaint" and a "proposed lead plaintiff can rely on a complaint filed by another shareholder and law firm." (Gianoukas Group's Reply to Competing Lead Pl. Mot., dated July 20, 2009 ("Gianoukas Reply"), at 4, 5; see also Rosen Decl. ¶¶ 4, 7–12, Exs. 1, 2.); 15 U.S.C. § 78u-4(a)(3)(B)(i) ("[A]fter the date on which a notice is published . . . the court shall consider any motion made by a purported class member in response to the notice, including any motion by a class member who is not individually named as a plaintiff in the complaint or complaints[.]").

Vale's conclusory assertions of inadequacy are insufficient to rebut the statutory presumption in favor of the Gianoukas Group. Constance Sczesny Trust, 223 F.R.D. at 324–25; (see also Kim Decl. Ex. 2; Rosen Decl. Ex. 1; Brooks Decl. Ex. B.); Seidel, 2009 WL 700782, at *4 ("[T]he PSLRA's presumption that a movant is 'most adequate' is rebuttable 'only upon proof by a member of the purported plaintiff class' that the presumptive lead plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'") (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)); Nowak v. Ford Motor Co., 240 F.R.D. 355, 365 (E.D. Mich. 2006) (counsel's claim "that the other complaints filed are mere 'copycat' complaints of their work" is unavailing; "[w]hether someone was 'first to file' by itself has little to do with who is the best qualified to

lead the case, and . . . [t]o hold otherwise would further encourage a 'rush to the courthouse' in . . . class action cases").

### (3) Lead Counsel

The Rosen Law Firm is qualified to serve as lead counsel in this matter, and, accordingly, the Gianoukas Group's selection of The Rosen Law Firm as its counsel is approved. Fuwei Films, 247 F.R.D. at 439–40; see also In re Centerline Holding Co. Sec. Litig., No. 08 Civ. 505, 08 Civ. 1026, 08 Civ. 1158, 08 Civ. 1458, 08 Civ. 1593, 08 Civ. 1902, 2008 WL 1959799, at *4 (S.D.N.Y. May 5, 2008); (Kim Decl. Ex. 4.)

## IV. Conclusion and Order

For the foregoing reasons, the Gianoukas Group's motion [#6 in No. 09 Civ. 3807; #8 in No. 09 Civ. 4963] is granted and the above-captioned actions are hereby consolidated, for all purposes, under the caption "In re MRU Holdings Securities Litigation" and under the docket number 09 Civ. 3807 (RMB). The Gianoukas Group is appointed Lead Plaintiff, and The Rosen Law Firm is appointed Lead Counsel. Vale's motion [#2 in No. 09 Civ. 3807; #4 in No. 09 Civ. 4963] is respectfully denied.

Pursuant to this Court's Order dated June 30, 2009, "lead plaintiff shall have sixty (60) days . . . to file a consolidated complaint [and] Defendants shall answer or otherwise respond to the anticipated consolidated complaint no later than sixty days from the date of service." (Stipulation & Order, Nos. 09 Civ. 3807, 09 Civ. 4963, dated June 30, 2009, at 4.)

The parties are directed to appear before the Court for a status conference on Wednesday, October 21, 2009, at 9:30 a.m. in Courtroom 21B of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007.

Dated: New York, New York
October 5, 2009

*RMB*

_____
RICHARD M. BERMAN, U.S.D.J.